# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI CENTENO SOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-00737-KES-SAB-HC<br><br>ORDER RE: NEXT FRIEND HABEAS JURISDICTION<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PETITIONER'S ADDRESS, MAIL PETITIONER GIOVANNI CENTENO SOZA COPY OF PETITION AND THIS ORDER, AND MAIL EFRAIN ENRIQUE CENTENO SOZA A COPY OF THIS ORDER |

On January 22, 2028, the instant federal habeas petition was filed in the United States District Court for the Central District of California. (ECF No. 1.) As the petition challenges the detention of Giovanni Centeno Soza ("Petitioner") at the California City Detention Facility, which is located in the Eastern District of California, the petition was transferred to this Court. (ECF No. 5.)

The petition submitted to the Court was completed and signed by Petitioner's brother, Efrain Enrique Centeno Soza ("Mr. Centeno Soza"). (ECF No. 1 at 1.[1]) "'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v. Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a). "Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Mr. Centeno Soza qualifies for next-friend status, which would permit him to initiate the instant petition on behalf of brother, it does not allow Mr. Centeno Soza to prosecute this action *pro se* on Petitioner's behalf. Therefore, either: (1) Mr. Centeno Soza must

secure licensed counsel to proceed, or (2) Petitioner Giovanni Centeno Soza must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.

Accordingly, IT IS HEREBY ORDERED that:

1. Within **THIRTY (30) days** from the date of service of this order, **either**:

   (a) Petitioner Giovanni Centeno Soza should notify the Court in writing that: (a) his brother filed the instant federal habeas petition with his knowledge and permission, (b) he declares under penalty of perjury that the contents of the petition are true and correct, and (c) going forward he will appear on his own behalf to prosecute this habeas action; **OR**

   (b) Mr. Efrain Enrique Centeno Soza should secure licensed counsel to proceed[2] and said counsel shall file a notice of appearance in this matter;

2. The Clerk of Court is DIRECTED to:

   a. Update Petitioner's address to:

      California City Detention Facility
      22844 Virginia Boulevard
      California City, CA 93505

   b. Send Petitioner Giovanni Centeno Soza a copy of the petition (ECF No. 1) along with a copy of this order; and

   c. Send Mr. Efrain Enrique Centeno Soza a copy of this order at the address listed on page 4 of the petition (ECF No. 1 at 4).

3. Failure to comply with this order will result in a recommendation of dismissal for failure to comply with a Court order.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[2] Mr. Efrain Enrique Centeno Soza may contact the Office of the Federal Public Defender for the Eastern District of California for assistance.

3